**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                       v.                                10-CR-00025A(Sr)

**ERIC J. HUMPHREY, et al.,**

      **Defendants.**

_____

## DECISION AND ORDER

This case was referred to the Hon. Hugh B. Scott by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #2. Thereafter, Magistrate Judge Scott issued an Order of Recusal in the case as to all defendants (Dkt. #131) and Judge Arcara referred the case to the undersigned, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #133.

## PRELIMINARY STATEMENT

The defendants, Eric J. Humphrey, Charles M. Humphrey, Jr., James Humphrey, Jr., John E. Humphrey and Anthony Taylor are charged in a one-count indictment with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and to manufacture, possess with intent to distribute, and to distribute, 50 grams or more of cocaine base in violation of Title 21, United States Code, Sections 846. Dkt. #1. The defendants each also face forfeiture allegations. *Id*. Defendants Charles M. Humphrey, Jr., John E. Humphrey, Eric J. Humphrey and

Anthony Taylor have filed dispositive and non-dispositive motions. *See* Dkt. ##50 (Charles Humphrey), 57 (John E. Humphrey), 60 (Eric J. Humphrey), 69 (Charles Humphrey (supplemental motion), 113 (Anthony Taylor). The government filed responses to the instant motions. Dkt. ##61, 70. Oral argument was held before Magistrate Judge Hugh B. Scott on February 16, 2011 and March 16, 2011. This Decision and Order will address defendant Charles M. Humphrey, Jr.'s non-dispositive motions. This Court's Report, Recommendation and Order with respect to Charles M. Humphrey Jr.'s motion to suppress electronic evidence will be filed separately.

## DISCUSSION AND ANALYSIS

**Discovery under Rules 12 and 16 of the Federal Rules of Criminal Procedure**

### Progress Reports

By this request, defendant Charles Humphrey seeks the disclosure of progress reports submitted to the issuing judge relating to the electronic eavesdrop warrants. Dkt. #50, ¶¶12-14. Although in its response, the government does not specifically respond to defendant Charles Humphrey's request for the disclosure of progress reports, the government does state that pursuant to voluntary discovery, the wiretap applications, affidavits, warrants, sealing orders, conversations, transcripts, line sheets and minimization instructions were disclosed. Dkt. #61, ¶4. In an Order filed February 18, 2011, Magistrate Judge Scott found, "[i]n connection with their application for a hearing, the defendants have requested production of ... the progress reports ... involved in this case. The defendants have not demonstrated any nexus between the

progress reports and the issue of necessity as presented to the judges issuing the warrants. This request is denied." Dkt. #68, p.5. To the extent a further ruling is necessary, in accordance with the reasoning set forth in *United States v. Chimera*, 201 F.R.D. 72 (W.D.N.Y. 2001), defendant Charles Humphrey's request for the disclosure of progress reports is denied.

> Pursuant to 18 U.S.C. § 2518(6), a judge who issues an intercept order in accordance with § 2518(1) may direct that reports "showing what progress has been made toward achievement of the authorized objective [of the order] and the need for continued interception" be provided. Such reports are to be filed with the judge "at such intervals as the judge may require." Id. The purpose of reports directed pursuant to § 2518(6) is "so that any possible abuses might be quickly detected and halted" by the court thereby furthering Congress' objective in enacting Title III of limiting the extent of court authorized intrusions on the privacy of oral communications. United States v. Kahn, 415 U.S. 143, 154–55, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974).

*Chimera*, 201 F.R.D. at 76. Here, the electronic eavesdropping warrants at issue were issued by New York State Supreme Court Justices Michalski and Buscaglia. The Court notes that New York State has a nearly identical provision to section 2518(6) insofar as it states, "[a]n eavesdropping or video surveillance warrant may require reports to be made to the issuing justice showing what progress has been made toward achievement of the authorized objective and the need for continued eavesdropping or video surveillance. Such reports shall be made at such intervals as the justice may require." N.Y. Criminal Procedure Law § 700.50(1) (McKinney 2013). Although each of the warrants at issue here provided the same language, "ORDERED, that the District Attorney or his agent shall submit progress reports to this Court, as the Court directs,

showing what progress has been made toward achievement of authorized objectives of this warrant . . .," there is nothing in the record before this Court to suggest that such progress reports were ever requested by the issuing Justices.

**Sealing Orders**

By this request, defendant Charles Humphrey seeks the disclosure of all the sealing orders issued with respect to the electronic surveillance warrants. Dkt. #50, ¶15. As noted above, in its response, the government noted that the sealing orders were previously disclosed. Dkt. #61, ¶4. The government indicated during the February 16, 2011 oral argument that to the extent any sealing orders had not been disclosed, they would be immediately disclosed. Furthermore, the Court notes that the sealing orders and the timeliness of the sealing of intercepted conversations (tapes) is a matter that was the subject of an evidentiary hearing before Magistrate Judge Scott and is presently pending before the undersigned. This Court's Report, Recommendation and Order with respect to defendants' motion to suppress for failure to properly seal will be forthcoming.

**Physical Surveillance Reports**

Citing *United States v. Lilla*, 699 F.2d 99 (2d Cir. 1983) and *United States v. Concepcion*, 579 F.3d 214 (2d Cir. 2009), defendant Charles M. Humphrey, Jr. seeks the disclosure of any physical surveillance reports. Dkt. #50, ¶¶16-22. In its response, the government states that it "declines to provide those other materials requested in the

motions as outside the purview of Rule 16." Dkt. #61, ¶4. Thereafter, in a footnote, the government specifically references defendant Charles Humphrey's request for physical surveillance reports. Indeed, the government states that the case of *United States v. Concepcion*, cited by the defendant, provides "no support for defendant's proposition that physical surveillance reports are discoverable pursuant to Rule 16." Dkt. #61, ¶4, n.3. Following the February 16, 2011 oral argument, Magistrate Judge Scott ordered the disclosure of the surveillance reports up to the dates of the respective warrant applications. Dkt. #68, p.5. By reason of the fact that defendants have sought suppression of the wiretap evidence on the basis that, *inter alia*, necessity for electronic surveillance had not been established, because traditional investigative techniques such as physical surveillance had been successful (as evidenced by the disclosed reports), and the fact that Buffalo Police Department Detective Pittorf testified at length about specific instances of physical surveillance, defendant Charles Humphrey's request is denied as moot.

**Expert Discovery**

By this request, defendant Charles Humphrey requests that the government be ordered to comply with the requirements set forth in Rule 16 of the Federal Rules of Criminal Procedure concerning the disclosure of a written summary of anticipated expert testimony. Dkt. #50, ¶¶23-24. In its response, the government states, "[t]he government will comply with defendants' requests for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705

F.R.E." Dkt. #61, ¶5. Based on the government's response, defendant's request is denied as moot.

**Bill of Particulars**

In six separately lettered requests, defendant Charles Humphrey seeks information concerning the conspiracy to possess with intent to distribute cocaine and cocaine base charged in Count 1 of the Indictment. Dkt. #50, ¶¶30(a)-(f). In addition, defendant Charles Humphrey seeks particularization with respect to the first forfeiture allegation. More specifically, defendant Charles Humphrey requests that the government be required to state with particularity: the identity of each unindicted co-conspirator known to the government; the actions taken by each individual in furtherance of the charged conspiracy; the identity of each unknown co-conspirator and the actions taken in furtherance of the charged conspiracy; the exact location, substance and identity of participants in each alleged act undertaken in furtherance of the charged conspiracy; and, the date, time, location and substance of each act performed by Charles Humphrey which rendered any of the assets set forth in the Indictment to be subject to forfeiture. *Id*.

In its response to defendant Charles Humphrey's request for particularization of the conspiracy charge and the forfeiture allegation, the government asserts that,

> the volume of discovery provided thus far in this action
> provides an overall picture of each defendant's culpability
> and actions relative to the conspiracy and the combination of

> the wiretap applications, affidavits, warrants, sealing orders, search warrants and inventories and affidavits thereto, laboratory reports, two CDs containing all pertinent conversations, transcripts thereof, line sheets, and minimization instructions, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B).

Dkt. #61, ¶23. In addition, the government maintains that the particulars sought by defendant Charles Humphrey relate to the specific details of the conspiracy and that the government should not be required to furnish particulars relating to the formation of a conspiracy, including when and how it was formed and when a particular defendant joined, because such details need not be proven at trial. *Id*. at ¶29.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Superseding Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars

> rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008). Accordingly, this Court concludes that the allegations in the Indictment, together with the representations made by counsel for the government concerning the voluminous discovery previously provided to the defendant are more than sufficient and the demand for a bill of particulars is unwarranted. Accordingly, the defendant's request for a bill of particulars is denied.

**Rule 404(b) Material**

By this request, the defendant "moves for the pre-trial disclosure of any evidence to be proffered under Rule 404(b) of the Federal Rules of Evidence. This request not only relates to any such evidence to be proffered against Charles Humphrey, but also any evidence to be offered against any one of his co-defendants." Dkt. #50, ¶31. In its response, the government states that,

> [d]efendant[] . . . Charles M. Humphrey, Jr. [has] requested specific instances of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), which it may use as

> impeachment material. The government will provide this
> information consistent with its disclosure of Jencks material.
> It is submitted that any hearings on the admissibility of such
> evidence is a matter for the District Court at the time of trial.

Dkt. #61, ¶12.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial. Accordingly, the defendant's request for an Order with respect to admissibility of such evidence is denied. With respect to the balance of defendant's request for impeachment material, based on the government's representation concerning its intention to disclose the material consistent with its disclosure of *Jencks* material, defendant Charles Humphrey's request is denied as moot.

**Brady Material**

Within his broad request labeled "*Brady* Material," the defendant seeks the immediate disclosure of all exculpatory and/or impeachment material in the government's possession, custody and control. Specifically, the defendant seeks

twenty separate categories of documents, information and/or material, including evidence favorable to Charles Humphrey, evidence relating to the cooperation of any government witness, evidence tending to impeach the credibility of any prospective government witness, and the personnel file for each government agent and/or cooperating witness expected to testify. Dkt. #50, ¶¶33-42. Thus, the Court will treat this request principally as one for *Brady* and *Giglio* material. In its response the government states,

> At the present time, the government is not in possession of any "exculpatory" material within the contemplation of Brady, but does acknowledge its continuing duty under Brady to produce such material, if and when it is aware of it. . . .
>
> With respect to the individual requests made under the authority of the Brady decision, counsel for the government does not agree with the defendants' itemizations, ¶¶ 33-42, that those requests come within the cited authority, but without further comment, will acknowledge the obligation to disclose any Brady information. The government agrees to provide impeachment Brady material, i.e., promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to the commencement of trial, at which time the government will produce the Jencks Act material.

Dkt. #61, ¶¶19-21.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.*

at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Preservation of Agent Notes**

By this request, the defendant seeks an Order from this Court requiring the preservation of all agent and/or investigative notes that were generated during the investigation. Dkt. #50, ¶22. In addition, citing *United States v. Wei*[1], 862 F.Supp. 1129 (S.D.N.Y 1994), defendant Charles Humphrey seeks a list of all documents

---

[1] The defendant mistakenly cites *United States v. Lee*.

discoverable under Rule 16 of the Federal Rules of Criminal Procedure or under *Brady* which were destroyed by government agents during or after the investigation. Dkt. #50, ¶¶44-45. In its response, the government states,

> [r]egarding rough notes, no such basis exists at this time for providing the requested materials, if they exist. The government will endeavor to maintain such materials, if they exist. This in no way should be construed as any concession that said notes are subject to disclosure.

Dkt. #61, ¶8.

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its agreement to endeavor to maintain such materials, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* Act material in this case. The government did not respond to that portion of defendant Charles Humphrey's request pursuant to *United States v. Wei*. To the extent any such documents were destroyed during or after the investigation, the government shall advise counsel for the defendant of such destruction.

**Rule 807**

By this request defendant Charles Humphrey seeks pretrial notice of the government's intention to proffer statements or evidence pursuant to the residual hearsay exception in Rule 807 of the Federal Rules of Evidence. Dkt. #50, ¶¶46-48. In its response, the government states that, "if the government intends to introduce such evidence, the government will provide notice of its intention to rely upon such Rule at the time of its filing of its pretrial memorandum with the trial court." Dkt. #61, ¶31. Based on the representations made by the government, defendant Charles Humphrey's request for pre-trial notice is denied as moot.

**Hearsay Declarant Disclosure**

By this request, the defendant seeks, pursuant to *Brady*, the disclosure of information and/or evidence to impeach the credibility of any hearsay declarant whose declaration will be offered at trial. Dkt. #50, ¶¶49-50. Although the government does

not specifically respond to this request, the government does respond to defendant

Charles Humphrey's other requests for the disclosure of impeachment material and

*Brady* material.  Accordingly, based on the government's representations with respect

to its obligations under *Brady* and *Giglio*, defendant's request is denied as moot.

**Motion for Severance**

By this request, defendant Charles Humphrey seeks severance from "any

defendant against whom the prosecution will be allowed to introduce "other-act"

evidence pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure."  Dkt.

#50, ¶52.  In support of this request, defendant Charles Humphrey cites to *United

States v. Figueroa*, 618 F.2d 934 (2d Cir. 1980) for the proposition that admission of

404(b) evidence against a co-defendant can serve as a basis for severance.   A

Decision and Order on defendant Charles Humphrey's motion to sever is left to the

discretion of the District Judge to whom this case is assigned, District Judge Richard J.

Arcara.  Similarly, issues relating to the admissibility of 404(b) evidence against a co-

defendant is a matter left to the discretion of District Judge Richard J. Arcara as the trial

judge.

**Motion for Leave to Join in Motions Filed by Co-defendants**

The defendant seeks to join in any motion filed by any of his co-

defendants. Dkt. #50, ¶121.  This request is granted with the further directive and

finding that the decision made by this Court as to each of the co-defendant's requests

contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Motion for Leave to Make Other Motions and Supplement Motions**

By these requests, the defendant requests "leave to make such other and further motions and to supplement these motions as may be deemed appropriate at a future date." Dkt. #50, ¶123. Subject to the following limitation stated by defendant, "upon receipt of materials and/or information in the future, counsel may become aware of further pre-trial relief which should be requested or matters which should be advanced to supplement the motions already made," the defendant's request to make further and additional motions (or to supplement previously filed motions) that may be necessary is granted.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #61, ¶68. The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Since the defendant has

moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

**Notice Pursuant to Federal Rule of Evidence 807**

In addition to its reciprocal discovery demand, pursuant to Federal Rule of Evidence 807, the government seeks advance disclosure of any statements the defendant proposes to utilize at a trial of this matter. Dkt. #61, ¶¶69-70. Rule 807 of the Federal Rules of Evidence requires that in order for a statement to be admissible, the proponent give the adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address. Based on the notice requirements set forth in Federal Rule of Evidence 807, the government's request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
             July 1, 2013

                                      *s/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**